IN THE UNITED STATES DISTRICT COURT WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDGAR SEGURA,<br><br>　　　　　Petitioner<br><br>　　v.<br><br>U.S. DRUG ENFORCEMENT ADMINISTRATION; UNITED STATES OF AMERICA<br><br>　　　　　Respondent. | **CIVIL DIVISION**<br><br>No.<br><br>TYPE OF PLEADING:<br><br>**MOTION FOR RETURN OF PROPETY PURSUANT TO FRCP 41(g)**<br><br>FILED ON BEHALF OF PETITIONER<br><br>Counsel of Record:<br><br>STEPHEN J. TACZAK, ESQUIRE<br>PA ID # 86124<br><br>Taczak Law Office<br>12 N. Jefferson Avenue<br>Canonsburg, PA 15317<br>724-884-0008<br>724-884-0016 fax |

IN THE UNITED STATES DISTRICT COURT WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDGAR SEGURA, <br><br> Petitioner <br><br> v. <br><br> U.S. DRUG ENFORCEMENT ADMINISTRATION; UNITED STATES OF AMERICA <br><br> Respondent. | ) <br> ) **CIVIL DIVISION** <br> ) <br> ) No. <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

# Rule 41(g) MOTION FOR RETURN OF PROPERTY PURSUANT TO FRCP 41(g)

**AND NOW**, comes the Petitioner, **EDGAR SEGURA**, by and through his attorney, Stephen J. Taczak, Esquire and files the within Motion for Return of Property:

1. The motion for return of property challenges the U.S. Drug Enforcement Administration's ("DEA") ongoing seizure of $42,300.00 in U.S. currency belonging to Edgar Segura. *See* Fed. R. Crim. P. 41(g).

2. The South Strabane Township Police Department originally seized Segura's money on October 6, 2020, when the money was mistakenly left in a U-Haul Truck.

3. The money was seized from Antonio Diaz after driving from his residence in Charlotte, North Carolina to his daughters in Washington, Pennsylvania.

4. Segura was neither arrested nor charged with any crime. Instead, South Strabane Township used civil forfeiture laws to seize his proceeds and handed the money to DEA for the seizure to be forfeited to the federal agency. (See Exhibit 1, Notice of Seizure, dated December 3, 2020).

5. Petition filed a claim for return of the asset with the DEA on or about December 29, 2020.

6. DEA continues to hold Segura's money without filing a complaint to forfeit the property or charging Segura with any crime, in violation of the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA").

7. That law requires the government to return seized property, initiate civil forfeiture proceedings, or initiate criminal proceedings within 90 days of the date on which the seizing agency received the property owner's demand for federal court proceedings. 18 U.S.C. § 983 (a) (3) (A) - (B).

8. In this case, DEA's deadline expired no later than January 6, 2021, without the government doing any of those things.

9. Because the government missed the 90-day deadline, CAFRA prohibits any further litigation over the property- in civil or criminal proceedings- and both CAFRA and Attorney General regulations require the government to "promptly" return the property. *Id.; see also* 28 C.F.R § 8.13 (b).

WHEREFORE, Petitioner respectfully requests this Honorable Court order Respondent to return Petitioner's funds with interest.

Dated: February 5, 2024

                                              Taczak Law Office

                                              By: _____
                                                  Stephen J. Taczak
                                                  Attorney for Petitioner

IN THE UNITED STATES DISTRICT COURT WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDGAR SEGURA, <br><br> Petitioner <br><br> v. <br><br> U.S. DRUG ENFORCEMENT ADMINISTRATION; UNITED STATES OF AMERICA <br><br> Respondent. | ) <br> ) **CIVIL DIVISION** <br> ) <br> ) No. <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## ORDER

**AND NOW**, this _____ day of _____, 2024, upon consideration of Plaintiffs' Motion for Return of Property is hereby ORDERED that the Respondent shall refund all $42,300.00 of Petitioner's money with interest.

BY THE COURT:

_____ J.

IN THE UNITED STATES DISTRICT COURT WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDGAR SEGURA, | ) **CIVIL DIVISION** |
| Movant | ) No. |
| v. | ) |
| U.S. DRUG ENFORCEMENT ADMINISTRATION; UNITED STATES OF AMERICA | ) |
| Respondent. | ) |

## CERTIFICATE OF SERVICE

I, Stephen J. Taczak, Esquire, hereby certify that the within **Motion for Return of Property Pursuant to FRCP 41(g)** was served, this 5 day of February 2024, via U.S. Postage pre-paid upon the following:

**U.S. Attorney Eric G. Olshan**
Western District of Pennsylvania
700 Grant Street
Suite 4000
Pittsburgh, PA 15219

Taczak Law Office

By: _____
Stephen J. Taczak
Attorney for Petitioner



**U.S. Department of Justice**

Drug Enforcement Administration

Edgar Segura
707 S Hayne Street
Monroe, NC 28112

# NOTICE OF SEIZURE OF PROPERTY AND INITIATION OF ADMINISTRATIVE FORFEITURE PROCEEDINGS

## SEIZED PROPERTY IDENTIFYING INFORMATION

| | |
|---|---|
| **Notice Date:** December 3, 2020 | **Asset ID Number:** 21-DEA-669633 |
| **Notice Letter ID:** 220813 (use ID when searching for assets during online filing) | |
| **Description of Seized Property:** $42,300.00 U.S. Currency | |
| **Seizure Date and Location:** The asset(s) referenced in this notice letter were seized on October 6, 2020 by the DEA at Washington, Pennsylvania. | |
| **Forfeiture Authority:** The forfeiture of this property has been initiated pursuant to 21 USC 881 and the following additional federal laws: 19 U.S.C. §§ 1602-1619, 18 U.S.C. § 983 and 28 C.F.R. Parts 8 and 9. | |

I. **THE GOVERNMENT MAY CONSIDER GRANTING PETITIONS FOR REMISSION OR MITIGATION, WHICH PARDONS ALL OR PART OF THE PROPERTY FROM THE FORFEITURE.**

TO REQUEST A PARDON OF THE PROPERTY YOU MUST FILE A PETITION FOR REMISSION OR MITIGATION

A. **What to File:** You may file both a claim (see section II below) and a Petition for Remission or Mitigation (Petition). If you file only a petition and no one else files a claim, your petition will be decided by the seizing agency.

B. **To File a Petition:** A petition should be filed online or by mailing it via the U.S. Postal Service or a Commercial Delivery Service to the Drug Enforcement Administration (DEA), Forfeiture Counsel, Asset Forfeiture Section 8701 Morrissette Drive, Springfield, VA 22152. It must be received no later than 11:59 PM EST thirty (30) days of your receipt of this Notice. See 28 C.F.R. Parts 8 and 9.

C. **Requirements for Petition:** The petition must include a description of your interest in the property supported by documentation and any facts you believe justify the return of the property and be signed under oath, subject to the penalty of perjury or meet the requirements of an unsworn statement under penalty of perjury. See 28 U.S.C. § 1746.

D. **Petition Forms:** A petition need not be made in any particular form but a standard petition form and the link to file the petition online are available at https://www.forfeiture.gov/FilingPetition.htm. If you wish to file a petition online for the assets referenced in the asset list of this letter, please use the Notice Letter ID referenced above.

E. **Supporting Evidence:** Although not required, you may submit supporting evidence (for example, title paperwork or bank records showing your interest in the seized property) to substantiate your petition.

F. **No Attorney Required:** You do not need an attorney to file a petition. You may, however, hire an attorney to represent you in filing a petition.

G. **Petition Granting Authority:** The ruling official in administrative forfeiture cases is the Forfeiture Counsel. The ruling official in judicial forfeiture cases is the Chief, Money Laundering and Asset Recovery Section, Criminal Division, Department of Justice. See 28 C.F.R. § 9.1.

H. **Regulations for Petition:** The Regulations governing the petition process are set forth in 28 C.F.R. Part 9, and are available at www.forfeiture.gov.

I. **Penalties for Filing False or Frivolous Petitions:** A petition containing false information may subject the petitioner to criminal prosecution under 18 U.S.C. § 1001 and 18 U.S.C. § 1621.

J. **Online Petition Exclusions:** If you cannot find the desired assets online, you must file your petition in writing at the address listed above. For more details regarding what assets can be petitioned online, please see the Frequently Asked Questions at https://www.forfeiture.gov/FilingPetitionFAQs.htm.

**EXHIBIT 1**

Edgar Segura								Notice of Seizure

**II. TO CONTEST THE FORFEITURE OF THIS PROPERTY IN UNITED STATES DISTRICT COURT YOU MUST FILE A CLAIM.** *If you do not file a claim, you will waive your right to contest the forfeiture of the asset. Additionally, if no other claims are filed, you may not be able to contest the forfeiture of this asset in any other proceeding, criminal or civil.*

  A. **To File a Claim:** A claim must be filed to contest the forfeiture. A claim should be filed online or by mailing it via the U.S. Postal Service or a Commercial Delivery Service to the DEA, Forfeiture Counsel, Asset Forfeiture Section 8701 Morrissette Drive, Springfield, VA 22152.
  B. **Time Limits:** A claim must be filed within 35 days of the date of this letter; therefore, you must file your claim by **11:59 PM EST on January 07, 2021**. See 18 U.S.C. § 983(a)(2). A claim is deemed filed on the date received by the agency at the address listed above.
  C. **Requirements for Claim:** A claim must be filed online or in writing, describe the seized property, state your ownership or other interest in the property and be **made under oath**, subject to penalty of perjury or meet the requirements of an unsworn statement under penalty of perjury. See 18 U.S.C. § 983(a)(2)(C) and 28 U.S.C. § 1746.
  D. **Claim Forms:** A claim need not be made in any particular form, but a standard claim form and the link to file the claim online are available at https://www.forfeiture.gov/FilingClaim.htm. See 18 U.S.C. § 983(a)(2)(D). If you wish to file a claim online for the assets referenced in the asset list of this letter, please use the Notice Letter ID referenced above.
  E. **Supporting Evidence:** Although not required, you may submit supporting evidence (for example, title paperwork or bank records showing your interest in the seized property) to substantiate your claim.
  F. **No Attorney Required:** You do not need an attorney to file a claim. You may, however, hire an attorney to represent you in filing a claim.
  G. **When You File a Claim:** A timely claim stops the administrative forfeiture proceeding. The seizing agency forwards the timely claim to the U.S. Attorney's Office for further proceedings. You may also file a petition for remission or mitigation.
  H. **Penalties for Filing False or Frivolous Claims:** If you intentionally file a frivolous claim you may be subject to a civil fine. See 18 U.S.C. § 983(h). If you intentionally file a claim containing false information, you may be subject to criminal prosecution. See 18 U.S.C. § 1001.
  I. **If No Claim is Filed:** Failure to file a claim by **11:59 PM EST on January 07, 2021** may result in the property being forfeited to the United States.
  J. **Online Claim Exclusions:** If you cannot find the desired assets online, you must file your claim in writing and send to the address listed above. For more details regarding what assets can be claimed online, please see the Frequently Asked Questions at https://www.forfeiture.gov/FilingClaimFAQs.htm.

**III. TO REQUEST RELEASE OF PROPERTY BASED ON HARDSHIP**

  A. **Hardship Release:** Upon the filing of a proper claim, a claimant may request release of the seized property during the pendency of the forfeiture proceeding due to hardship if the claimant is able to meet specific conditions. See 18 U.S.C. 983(f); 28 C.F.R. § 8.15.
  B. **To File Hardship Release:** The hardship request cannot be filed online and must be in writing. The claimant must establish the following:
     - Claimant has a possessory interest in the property;
     - Claimant has sufficient ties to the community to assure that the property will be available at the time of trial; and
     - Government's continued possession will cause a substantial hardship to the claimant.
  C. **Regulations for Hardship:** A complete list of the hardship provisions can be reviewed at 18 U.S.C. § 983(f) and 28 C.F.R. § 8.15. Some assets are not eligible for release.